# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROOKE RYAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 5:20-cv-02164 |
| v. | ) ) | |
| TEMPLE UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |
| CHRISTINA FUSCA, on behalf herself and  all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:20-CV-03434 |
| v. | ) ) | |
| TEMPLE UNIVERSITY, | ) ) | |
| Defendant. | ) ) | |

## [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING INTERIM LEAD COUNSEL

This matter is before the Court on the joint Motion of Plaintiffs in the above captioned actions to consolidate such actions, appoint interim class counsel, and permit the filing of a single consolidated complaint.

Having reviewed the Motion and supporting Memorandum, the Court finds that consolidation of the actions is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

The Court further finds that early identification and appointment of interim Class Counsel is in the best interests of the parties and of judicial economy.  Such appointment will establish a clear leadership structure on the Plaintiffs' side, will allow Defendant and Defendant's counsel

1

clear direction with respect to Plaintiffs' Counsel's authority to negotiate and enter into stipulations, confer with respect to deadlines and other issues, and agree to Court required discovery plans. Furthermore, such interim appointment will ensure that the members of the putative Classes are adequately protected up to and until the Court's final determination on whether or not to certify the Class.

The Court finds that proposed Interim Class Counsel have done significant work identifying and investigating potential claims in this action; have the experience necessary to protect the best interests of the putative Classes; possess sufficient knowledge of the applicable law; and are willing and able to commit the resources necessary to adequately represent the putative Classes. It is clear to the Court that the Anastopoulo Law Firm has the resources, team, and extensive experience to prosecute this case in the best interest of the classes. Likewise, the Carlson Lynch firm has extensive experience, dedicated resources, and has already done significant work on behalf of the Plaintiffs and putative Classes. As a result, these two firms, and specifically Eric M. Poulin, Roy T. Willey, IV, Edward W. Ciolko, and Gary F. Lynch will represent the putative classes well, and with vigor. Accordingly,

**IT IS ORDERED** that the above captioned cases be and are consolidated for pretrial proceedings. All future filings shall be made on the docket of the first filed case, 5:20-cv-02164-JMG.

**IT IS FURTHER ORDERD** that, in the event a future case that arises out of the same subject matter as the Consolidated Action is hereafter filed in this Court or transferred from another court, defense counsel shall promptly serve a copy of this Order on the attorneys for the plaintiff(s) in the newly filed case and promptly notify the Court so it may determine if the newly filed case should be consolidated in the Consolidated Action.

**IT IS FURTHER ORDERD** that Eric M. Poulin and Roy T. Willey, IV of Anastopoulo Law Firm, LLC and Edward W. Ciolko, and Gary F. Lynch of Carslon Lynch, LLP are appointed Co-Lead interim class counsel.

Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

 Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

Defendant's counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

**IT IS FURTHER ORDERED** that Defendant has not waived any defenses to this action, including its right to later contest class certification, by not contesting consolidation and interim appointment.

**IT IS SO ORDERED.**

_____
The Honorable John M. Gallagher

3