IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROOKE RYAN, *individually and on behalf of all others similarly situated,* | Case No. 20-cv-02164-JMG |
| Plaintiff, | CLASS ACTION |
| v. | |
| TEMPLE UNIVERSITY, | |
| Defendant. | |
| CHRISTINA FUSCA, *individually and on behalf of all others similarly situated,* | Case No. 20-cv-03434-JMG |
| Plaintiff, | CLASS ACTION |
| v. | |
| TEMPLE UNIVERSITY, | |
| Defendant. | |

## [PROPOSED] FINAL JUDGMENT

**WHEREAS**, the Parties to the above-captioned putative class action (the "Action") executed a Settlement Agreement dated as of September 20, 2024 (the "Settlement");

**WHEREAS**, on October 15, 2024, the Court entered an Order Granting Preliminary Approval of the Settlement, Directing Notice to the Class, Setting a Hearing on Final Approval and Provisionally Certifying the Settlement Class ("Preliminary Approval Order"), which, *inter alia*: (i) preliminarily approved the Settlement; (ii) preliminarily determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class defined as:

1

>All Temple undergraduate, graduate, and professional students who paid their tuition and/or University Services Fee obligations from any source for the Spring 2020 Semester, enrolled in at least one in-person, on-campus class during the Spring 2020 Semester, and remained enrolled after March 16, 2020. Excluded from the Settlement Class are: (1) any person who withdrew from Temple on or before March 16, 2020; (2) any person who was enrolled solely in a class or classes that were originally intended to be taught in an online format in the Spring 2020 Semester even before the COVID-19 pandemic; (3) any person who received a full scholarship\grants from Temple or otherwise was not obligated to make contributions, payments or third-party arrangements towards tuition or fees for the Spring 2020 Semester; (4) any Judge or Magistrate Judge presiding over these Actions and members of their families; (5) any person who properly executes and files a timely request for exclusion from the Settlement Class; and (6) the legal representatives, successors or assigns of any such excluded persons.

(iii) preliminarily appointed Named Plaintiffs Brooke Ryan and Christina Fusca as Settlement Class Representatives; (iv) preliminarily appointed Lynch Carpenter, LLP; Poulin | Willey | Anastopoulo, LLC; and Carpey Law, P.C. as Class Counsel; (v) approved the forms and manner of notice of the Settlement to potential Settlement Class Members; (vi) directed that appropriate notice of the Settlement be given to the potential Settlement Class; and (vii) set a hearing date to consider final approval of the Settlement;

**WHEREAS**, notice of the Settlement was provided to Settlement Class Members in accordance with the Court's Preliminary Approval Order;

**WHEREAS**, on February 12, 2025, Named Plaintiffs filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits;

**WHEREAS**, on February 26, 2025 at 9:30 A.M. at the United States District Court for the Eastern District of Pennsylvania, Edward N. Cahn U.S. Courthouse, 504 W. Hamilton Street, Allentown, PA 18101, this Court held a hearing to determine whether the Settlement was fair, reasonable, and adequate to the Settlement Class (the "Final Approval Hearing"); and

**WHEREAS**, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement and all other files, records, and proceedings in the Action, and being otherwise fully advised,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, as well as personal jurisdiction over all the Parties and all Settlement Class Members for purposes of the Settlement.

B. This Order incorporates the definitions in the Settlement and all terms used in the Order have the same meanings as set forth in the Settlement, unless otherwise defined herein.

C. The notice provided to the potential Settlement Class in accordance with the Preliminary Approval Order constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

D. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

E. For purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

F. Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the Action and for purposes of

negotiating, entering into, and implementing the Settlement. Class Counsel and the Settlement Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

  G. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement, as: (i) it is in all respects fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; (ii) it was the product of informed, good faith, arm's-length negotiations among experienced counsel, and the negotiations were facilitated by an experienced professional mediator, Hon. Diane M. Welsh (Ret.); (iii) it was based on a record that is sufficiently developed to have enabled the Settlement Class Representatives and Temple to adequately evaluate their positions; (iv) the relief provided to the Settlement Class is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement; (v) the allocation of the Settlement Fund treats Settlement Class Members equitably relative to one another; and (vi) the Settlement was positively received by the Settlement Class.

  H. There have been no Settlement Class Members who have timely and validly requested exclusion from the Settlement Class.

  I. There have been no Settlement Class Members who have timely and validly objected to the Settlement.

  J. The Settlement Class Representatives and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

  1. The Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court grants final class certification, for settlement purposes only, of the Settlement Class that it provisionally certified in its Preliminary Approval Order, and finds that all of the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied.

3. The Court confirms the appointment of Brooke Ryan and Christina Fusca as Settlement Class Representatives.

4. The Court confirms the appointment of the law firms of Lynch Carpenter, LLP; Poulin | Willey | Anastopoulo, LLC; and Carpey Law, P.C. as Class Counsel.

5. The Court confirms the appointment of the firm of A.B. Data, Ltd. as Settlement Administrator. It shall perform the duties and responsibilities set forth in the Settlement Agreement with respect to the distribution of the Settlement Fund.

6. The Court finds and confirms that the Settlement Fund is a "qualified settlement fund" as defined in Sections 468B-1 through 468B-5 of the Treasury Regulations.

7. The Settlement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties with respect to Released Claims.

8. Final Judgment shall be, and hereby is, entered dismissing the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, and without fees or costs to any Party, except as provided in the Settlement Agreement.

9. As of the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims, as defined in Paragraph 1.24 of the Settlement, against the Released Parties, and shall forever be barred and enjoined from filing, commencing, prosecuting, intervening in, or

participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction relating to or concerning any or all of the Released Claims against any of the Released Parties. The Released Claims include any unknown claims that reasonably could have arisen out of the same facts alleged in the Action that the Releasing Parties do not know or suspect to exist in their favor at the time of the release, which, if known by them, might have affected their decision to agree to the Settlement, their decision to release the Released Claims, or their decision not to object to the Settlement.

10. The manner of distribution of the Available Settlement Fund as described in the Settlement and in the Notices to potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Available Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement.

11. Neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by Temple of any fault, wrongdoing, or liability whatsoever. This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Temple or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement.

12. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains continuing and exclusive jurisdiction as to all Settlement Class Members and matters

relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

13. The finality of this Final Judgment shall not be affected by any order entered regarding Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses and/or any order entered regarding awards to the Settlement Class Representatives, which shall be considered separate from this Final Judgment.

14. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement, which are hereby approved and incorporated herein by reference.

15. There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment in this Action and to close the case.

16. In the event that this Final Judgment does not become Final in accordance with Paragraph 1.14 of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement.

Dated: _____     _____
                                                                    John M. Gallagher
                                                                    United States District Judge